UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANIJEH ESTEGHLALIAN,<br><br>  Plaintiff,<br><br>v.<br><br>DEPARTMENT OF THE NAVY; EDCO WASTE AND RECYCLING SERVICES,<br><br>  Defendants. | Case No.: 19-cv-01808-AJB-MSB<br><br>**ORDER:**<br><br>**(1) DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND, (Doc. No. 1); AND**<br><br>**(2) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT, (Doc. No. 2)** |

On September 19, 2019, Plaintiff Manijeh Esteghlalian ("Plaintiff"), a non-prisoner proceeding *pro se*, commenced this action against Defendants Department of the Navy ("the Navy") and EDCO Waste and Recycling Services "(EDCO"). (Doc. No. 1.) On November 12, 2019, Plaintiff also moved to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (Doc. No. 2.) For the following reasons, the Court **DISMISSES** Plaintiff's Complaint **WITH LEAVE TO AMEND**, and **DENIES AS MOOT** Plaintiff's IFP motion.

//

//

## I. SCREENING UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2), when reviewing an IFP motion, the Court must rule on its own motion to dismiss before the complaint is served. *Lopez v. Smith*, 203 F.3d 1112, 1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting 28 U.S.C. § 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1127 ("[§] 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). Accordingly, the Court "may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts . . .." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (internal quotation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A complaint is facially plausible when the facts alleged allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Also, pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" because pro se litigants are more prone to making errors in pleading than litigants represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations omitted); *see Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds*, *Lopez*, 203 F.3d at 1126-30 (9th Cir. 2000). Thus, the Supreme Court has stated that federal courts should liberally construe the "'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)); *see, e.g.*, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 108, 109 (6th Cir. 1991) ("[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer."). Thus, failure to meet procedural

1  requirements will not receive as much latitude.

2  **II.    DISCUSSION**

3        Plaintiff brings this suit against the Navy and EDCO Waste and Recycling Services. (Doc. No. 1.) She contends the Navy is liable for damages under the Federal Tort Claims Act ("FTCA") because the Navy negligently dumped hazardous waste materials on her business property in Bonsall, California on or about December 8, 2017. (Doc. No. 1.) In her Complaint, Plaintiff states she contacted a deputy from Camp Pendleton who claimed ownership of the hazardous waste material on Plaintiff's property. *Id*. Since then, Plaintiff alleges she has lost substantial business and suffered medical issues such as headaches, dizziness, and insomnia due to the stress of the situation. *Id*. The Court will first address Plaintiff's FTCA claims against the Navy and will then turn to Plaintiff's claims against EDCO.

13        **A.    Plaintiff Fails to State a Claim Under the FTCA Against the Navy**

14        The doctrine of "[s]overeign immunity shields the United States from suit absent consent to be sued that is 'unequivocally expressed.'" *United States v. Bormes*, 586 U.S. 6, 10 (2012). This immunity applies to "federal agencies and instrumentalities, as well as federal employees acting in their official capacities within their authority." *South Delta Water Agency v. U.S., Dept. of Interior, Bureau of Reclamation*, 767 F.2d 531 (9th Cir. 1985). An action against the government for damages resulting from the wrongful negligence of a government employee must be brought under the FTCA. *Id*. The United States has unequivocally expressed consent to be sued for negligence of government employees through the FTCA. 28 U.S.C. §§ 2671-80. Under the FTCA, the United States is liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Thus, sovereign immunity is waived when a claim falls within the guidelines laid out in the FTCA.

26  //
27  //
28  //

### 1. Plaintiff Fails to Allege Facts Demonstrating She Exhausted Her Administrative Remedies

The FTCA provides that the claimant must first present her claim to the appropriate federal agency. *See* 28 U.S.C. § 2675(a). "The purpose of requiring the plaintiff to file an administrative claim before bringing an action is to allow the agency to investigate the claim to determine whether it should be voluntarily paid or a settlement sought." *Poindexter*, 647 F.2d at 36. The Supreme Court has held that courts lack subject matter jurisdiction and must dismiss FTCA actions which are brought before the administrative remedies are exhausted. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). As a jurisdictional prerequisite, an FTCA action can only be initiated "once an administrative claim is denied, either actually, or constructively by the agency's failure to act upon the claim within six months." *Sparrow v. U.S. Postal Service*, 825 F. Supp. 252, 253 (E.D. Cal. 2011) (citing 28 U.S.C. § 2675(a)). The claim filing requirement of the FTCA is jurisdictional in nature and cannot be waived. *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995) (citing *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992)); *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985).

To bring an action under the FTCA, Plaintiff must have first filed a written claim for money damages with the federal agency employing the negligent employee. 28 U.S.C. § 2675. Here, Plaintiff fails to meet this requirement because her Complaint only states she called a deputy at Camp Pendleton. (Doc. No. 1.) This is insufficient because such interaction is not in writing as required by 28 U.S.C. § 2675. Plaintiff provides no further evidence of a written claim with the Navy. (Doc. No. 1.) Thus, the Court lacks subject matter jurisdiction over Plaintiff's FTCA claim.

### 2. Plaintiff Has Not Named the United States as a Defendant

Secondly, the United States is the only proper party defendant in an FTCA action. *Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1077 (9th Cir. 1998). Moreover, the "FTCA is the exclusive remedy for tort actions against a federal agency, and this is so despite the statutory authority of any agency to sue or to be sued in its own name." *Id.* (affirming the

district court's dismissal of plaintiff's FTCA claim as improperly brought against a person and entity not subject to the FTCA); *see also Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) ("The district court also properly dismissed [Plaintiff's] action to the extent his complaint named Does 1 through 20 as additional defendants: the United States is the only proper defendant in an FTCA action.").

Here, Plaintiff named the Department of the Navy as the government defendant. Although the Navy is a branch of the United States Armed Forces, Plaintiff has not specifically named the United States. *See Myers v. U.S.*, 652 F.3d 1021 (9th Cir. 2011) (finding the United States as a proper party in a FTCA case for claims against the Navy). But because the Court is granting Plaintiff leave to amend, the Court will provide Plaintiff an opportunity to amend her Complaint to name the United States instead of the Department of the Navy.

### 3. Plaintiff Has Not Adequately Pled Facts Supporting a FTCA Claim

Regarding whether Plaintiff has adequately pled a claim under the FTCA, courts look to state law to define the actionable wrong for which the United States is liable under the FTCA. *See Poindexter v. United States*, 647 F.2d 34, 36 (9th Cir. 1981). Here, liberally construed, Plaintiff claims she suffered personal injury and property damage within California. (Doc. Nos. 1–2). Thus, the state law at issue is negligence under California tort law. *See Toomer v. United States*, 615 F.3d 1233, 1235 (9th Cir. 2010) (applying California tort law in wrongful death suit under the FTCA); *Mendia v. Garcia*, 165 F. Supp. 3d 861, 877–78 (N.D. Cal. 2016) (analyzing negligence under California law in FTCA suit against the United States). In California, negligence is the "failure to exercise the care that a reasonable person would under the circumstances." *Massey v. Mercy Med. Ctr. Redding*, 103 Cal. Rptr. 3d 209, 213 (Cal. App. Ct. 2009). To state a claim of negligence, Plaintiff must allege: (1) the existence of a legal duty of care, (2) breach of that duty, (3) proximate cause, and (4) injury. *Castellon v. U.S. Bancorp*, 163 Cal. Rptr. 3d 637, 640 (Cal. App. Ct. 2013).

5

19-cv-01808-AJB-MSB

Here, Plaintiff does not plead any facts alleging the Navy's duty of care toward Plaintiff, a breach of that duty, or proximate cause resulting in her claimed injuries. Plaintiff merely makes legal conclusions alleging the Navy is responsible for her property damage and medical issues without providing any specific facts to support these claims. *See Gardner v. American Home Mortg. Servicing, Inc.*, 691 F. Supp. 2d 1192, 1198 (E.D. Cal. 2010) ("neither conclusory statements nor legal conclusions are entitled to a presumption of truth.").

\* \* \*

In sum, because Plaintiff has failed to (1) demonstrate exhaustion, (2) name the United States as a defendant, and (3) plead adequate facts to support a negligence claim for relief, Plaintiff's claim against the Navy is **DISMISSED.** However, because amendment will not be futile, the Court grants Plaintiff **LEAVE TO AMEND** to address the deficiencies stated above. *See Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (abuse of discretion to deny leave to amend when amendment was not futile); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively.") (citation and internal quotation marks omitted).

**B.   Plaintiff Fails to State A Claim Against EDCO Waste And Recycling Services**

Having dismissed Plaintiff's claim against the Navy, the Court next addresses Plaintiff's claim against Defendant EDCO Waste and Recycling Services ("EDCO"). In reviewing Plaintiff's factual allegations, the Court finds that Plaintiff's Complaint does not mention any facts relating to EDCO, and only concludes that EDCO caused Plaintiff injury. (Doc. No. 1.) A complaint does not suffice if it tenders naked assertion devoid of factual enhancement. *See Iqbal*, 556 U.S. at 678 (internal quotations omitted). Additionally, Plaintiff's Complaint names both the Navy and EDCO, but does not specifically set out facts describing EDCO's conduct. *Wright v. City of Santa Cruz*, No. 13-CV-01230-BLF,

2014 WL 5830318, at *5 (N.D. Cal. Nov. 10, 2014) ("These allegations are inadequate because they lump all defendants together and fail to allege the factual basis for each defendant's liability."). Accordingly, Plaintiff's claim against EDCO is **DISMISSED WITH LEAVE TO AMEND**.

### III.   CONCLUSION

In sum, even after liberally construing Plaintiff's Complaint, the Court **DISMISSES** Plaintiff's Complaint. First, Plaintiff's claim against the Navy is **DISMISSED WITH LEAVE TO AMEND**. Should Plaintiff decide to file an amended Complaint, Plaintiff's amended Complaint must address the deficiencies stated herein, and should: (1) plead facts demonstrating exhaustion, (2) plead facts sufficient to state a claim under the FTCA, and (3) name the United States as a defendant. Second, Plaintiff's claim against EDCO is also **DISMISSED WITH LEAVE TO AMEND** and Plaintiff must provide facts sufficient to state a claim against EDCO. Because the Court dismisses Plaintiff's operative Complaint, the Court also **DENIES AS MOOT** Plaintiff's IFP motion. (Doc. No. 2.) Plaintiff is to file a First Amended Complaint, and renewed IFP motion by **July 15, 2020**.

**IT IS SO ORDERED**.

Dated:  June 16, 2020

Hon. Anthony J. Battaglia
United States District Judge