UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANIJEH ESTEGHLALIAN,<br><br>          Plaintiff,<br><br>v.<br><br>DEPARTMENT OF THE NAVY; EDCO WASTE AND RECYCLING SERVICES,<br><br>          Defendants. | Case No.: 19-cv-01808-AJB-MSB<br><br>**ORDER DISMISSING PLAINTIFF ESTEGHLALIAN'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Doc. No. 7)** |

Before the Court is Plaintiff Manijeh Esteghlalian's ("Plaintiff") First Amended Complaint ("FAC") for screening. Plaintiff, a non-prisoner proceeding pro se, brings this action against Defendants the United States and EDCO Waste and Recycling Services "(EDCO"). (Doc. No. 7.) For the reasons set forth below, the Court **DISMISSES** the **FAC WITH LEAVE TO AMEND**.

**I. SCREENING REQUIREMENT AND STANDARD**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a). Because Plaintiff is seeking to proceed in forma pauperis ("IFP"), the Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g., Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2002) (per curiam) (holding 28 U.S.C. § 1915(e)(2) screening applies to non-prisoners proceeding IFP); *see also Lopez v.*

1

*Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). Under this statute, the Court must sua sponte dismiss a complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez*, 203 F.3d at 1126–27. "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

Courts have a duty to construe a pro se litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

A. Discussion

   1. Leave to Add a New Plaintiff

First, Plaintiff seeks leave to add a new plaintiff, Al Giovanni, to this action. (Doc. No. 7 at 1.) The Court will grant leave to add Giovanni as a new plaintiff. *See United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (holding that leave to amend should be granted with "extreme liberality" in order "to facilitate decision on the merits, rather than on the pleadings or technicalities."). However, this new plaintiff must either pay the $402.00 filing fee or file his own application to proceed IFP. "Although only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status." *Anderson v. California*, 2010 WL 4316996 at * 1 (S.D. Cal. Oct. 27, 2010). Giovanni has not submitted an IFP application, or paid the $402 filing fee. To the extent this new additional plaintiff seeks IFP status, they must submit an application to proceed IFP.

Furthermore, the Court will also need to screen the new plaintiff's claims under 28

U.S.C. § 1915A if he files for IFP status. As it currently stands, this new plaintiff lacks standing to this case because the FAC does not allege any facts concerning them. *See Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) ("It is well established . . . that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue.").

### 2. Defendant EDCO Waste and Recycling Services

Plaintiff brings this suit against the United States and EDCO. (Doc. No. 7.) She contends the United States, acting through the Navy, is liable for damages under the Federal Tort Claims Act ("FTCA") because the Navy negligently dumped hazardous waste materials on her business property, including mercury, used tires, and broken televisions. (*Id.* ¶ 7.)

In screening Plaintiff's original Complaint, the Court had found that the Complaint did not mention any facts relating to EDCO, and only concluded that EDCO caused Plaintiff injury. (Doc. No. 5 at 5.) Based on this deficiency, the Court dismissed the claim against EDCO. (*Id.* at 6–7.) On this iteration of the Complaint, Plaintiff again failed to allege any facts against EDCO. The FAC only states, in conclusory fashion, that "EDCO Waste and Recycling Services had a duty not to be negligent" and that EDCO "caused serious injuries to plaintiff and her business and her business was used for wedding and living but not anymore after dumping trash in plaintiff [sic]."

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Again, the Court will remind Plaintiff that a complaint does not suffice if it tenders naked assertion devoid of factual enhancement. *See Iqbal*, 556 U.S. at 678 (internal quotations omitted). The allegations that EDCO was negligent, and caused her injury, are legal conclusions devoid of any factual support whatsoever. Despite this defect, the Court will afford Plaintiff one final attempt to state a claim against EDCO. The claim will be **DISMISSED WITH LEAVE TO AMEND**.

## II. MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff also seeks for the Court to reconsider its prior order denying as moot Plaintiff's IFP motion. However, in its prior order, the Court had also directed Plaintiff to file a renewed IFP motion with her FAC. (Doc. No. 5 at 7.) Plaintiff did not do so. Because the Court will provide leave for Plaintiff to file a Second Amended Complaint, the Court again directs Plaintiff to file a renewed IFP application, if she so wishes. To be clear, this does not mean that Plaintiff cannot be granted IFP status. She just simply has to file a new IFP motion with her Second Amended Complaint for the Court's consideration.

## III. CONCLUSION

In light of the foregoing, the Court **DISMISSES** Plaintiff's FAC. (Doc. No. 7.) "The court should give leave [to amend] freely when justice so requires." Fed. R. Civ. P. 15(a)(2). In the Ninth Circuit, "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality,'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981), and "[t]his policy is applied even more liberally to pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). As such, the Court provides Plaintiff **LEAVE TO AMEND** to address the deficiencies stated herein. In particular, the Second Amended Complaint should include the factual allegations pertaining to the new plaintiff, Giovanni. Plaintiff Giovanni should also either pay the filing fee or file an application for IFP status.

Plaintiff Esteghlalian may also file a renewed IFP motion with the Second Amended Complaint. Lastly, Plaintiffs need to plead facts, and not merely legal conclusions, relating to Defendant EDCO to show how this Defendant would be liable to Plaintiffs. Should Plaintiffs wish, they may file a Second Amended Complaint and IFP motions by **September 30, 2021**. Failure to do so will result in a dismissal of Plaintiffs' action.

**IT IS SO ORDERED.**

Dated: August 25, 2021

Hon. Anthony J. Battaglia
United States District Judge