UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANIJEH ESTEGHLALIAN, et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF THE NAVY; EDCO WASTE AND RECYCLING SERVICES,<br><br>　　　　　　　　　　　Defendants. | Case No.: 19cv1808-LL-MSB<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 10]** |

This matter is before the Court on "Plaintiffs' Motion to Reconsider Proceed In Forma Pauperis for Both Defendants Because They Lost Their Saving and Asset Due to This Claim and Illness" which the Court construes as Plaintiffs' Motion to Proceed In Forma Pauperis ("IFP"). EFC No. 10. For the reasons set forth below, Plaintiffs' Motion to Proceed IFP is **DENIED** without prejudice.

**I.   Procedural History**

Plaintiff Esteghlalian filed a complaint on September 19, 2019 [ECF No. 1] and a motion to proceed IFP on November 12, 2019 [ECF No. 2]. On June 16, 2020, the Court dismissed with leave to amend Plaintiff's complaint. ECF No. 5. The Court also denied as moot Plaintiff's IFP motion because it dismissed Plaintiff's complaint. *Id.* at 7. On July 21, 2020, Plaintiff filed an amended complaint ("First Amended Complaint" or "FAC") which

sought to add a new Plaintiff, Al Giovanni. ECF No. 7. On August 26, 2021, the Court dismissed Plaintiff's FAC with leave to amend. ECF No. 8. The Court's order dismissing the FAC directed Plaintiff that the Second Amended Complaint ("SAC") "should include the factual allegations pertaining to the new plaintiff, Giovanni." ECF No. 8 at 4-5. The Court further directed that "Plaintiff Giovanni should also either pay the filing fee or file an application for IFP status" and that "Plaintiff Esteghlalian may also file a renewed IFP motion with the Second Amended Complaint." *Id*. The Court specifically noted that "this new plaintiff must either pay the $402.00 filing fee or file his own application to proceed IFP." *Id*. at 2 (citing *Anderson v. California*, No. 10cv2216 MMA AJB, 2010 WL 4316996 at *1 (S.D. Cal. Oct. 27, 2010) ("Although one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status."). The Court stated that it "will also need to screen the new plaintiff's claims under 28 U.S.C. § 1915A if he files for IFP status." ECF No. 8 at 2. The Court set a deadline of September 30, 2021 for Plaintiffs to file the SAC and motion to proceed IFP. *Id.* at 5. Finally, the Court warned that "[f]ailure to do so will result in a dismissal of Plaintiffs' action." *Id.*

After the expiration of the Court-ordered deadline to file the SAC and motion to proceed IFP, Plaintiffs Esteghlalian and Giovanni filed one document on October 15, 2021, *nunc pro tunc*, entitled: "Plaintiffs' Complaint With Leave to Amend Original Petition and Incorporate Original Petition for Both Plaintiffs[;] Plaintiffs' Motion to Reconsider Proceed In Forma Pauperis For Both Defendants Because They Lost Their Saving and Asset Due to This Claim and Illness." ECF No. 10.

**II.  Discussion**

The Court will first consider Plaintiffs' Motion to Proceed IFP. As an initial matter, Plaintiffs' October 15, 2021 filing was both untimely and also lacks sufficient evidence of Plaintiffs' alleged inability to pay the filing fee. ECF No. 10. Although Plaintiffs Esteghlalian and Giovanni submitted separate applications seeking leave to proceed IFP, they submitted the short form application (AO 240) to request leave to proceed IFP. In this

district, pro se litigants seeking IFP status are required to use the long form application (AO 239). Thus, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' applications to proceed IFP. ECF No. 10. Attached hereto is a copy of Form AO 239 ("Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)"). Plaintiffs shall have until **March 22, 2022** to pay the filing fee or file a renewed application to proceed IFP using the long form attached hereto. Plaintiffs are reminded that they must either pay the $402.00 filing fee or each file their own long form application to proceed IFP. *Anderson*, 2010 WL 4316996 at *1 ("Although one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status.").

Plaintiffs should note that the IFP application specifically instructs applicants not to leave any blanks, and to instead respond "0," "none," or "not applicable (N/A)" as necessary. Failure to provide a complete IFP application for each Plaintiff may result in the Court's denial of the application.

Assuming Plaintiffs Esteghlalian and Giovanni are given permission to proceed IFP, the Court will then screen the Second Amended Complaint at that time. 28 U.S.C. §§ 1915(e)(2), 1915A; *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (holding that district courts must screen all IFP plaintiffs' complaints, not just prisoners'). The Court is also authorized to deny IFP if the complaint would be subject to dismissal after screening. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). This Court has already provided Plaintiffs leave to amend the complaint in the August 26, 2021 Order. ECF No. 8 at 4. In relevant part, the Court's Order stated:

> As such, the Court provides Plaintiff LEAVE TO AMEND to address the deficiencies stated herein. In particular, the Second Amended Complaint should include the factual allegations pertaining to the new plaintiff, Giovanni. Plaintiff Giovanni should also either pay the filing fee or file an application for IFP status. Plaintiff Esteghlalian may also file a renewed IFP motion with the Second Amended Complaint. Lastly, Plaintiffs need to plead facts, and not merely legal conclusions, relating to Defendant EDCO to show how this Defendant would be liable to Plaintiffs. Should

>Plaintiffs wish, they may file a Second Amended Complaint and IFP motions by September 30, 2021. Failure to do so will result in a dismissal of Plaintiffs' action.

*Id*. at 4-5. Notwithstanding the Court's Order allowing leave to amend, it appears that Plaintiffs are still requesting leave to amend in their latest filing. ECF No. 10. For example, the first line of the filing states, "Plaintiffs request to amend Al Giovanni as additional Plaintiff to the Original Petition With Leave of Court." *Id*. at 1. Accordingly, the Court reminds Plaintiffs that they have already been granted leave to file a Second Amended Complaint. *See* ECF No. 8. To the extent that the instant Complaint is not Plaintiffs' intended Second Amended Complaint, Plaintiffs are **ORDERED** to file any such amended pleading on or before **March 22, 2022**.

## III.   Conclusion

For the reasons stated herein, Plaintiffs' Motion to Proceed IFP is **DENIED WITHOUT PREJUDICE**. On or before **March 22, 2022**, Plaintiffs are **ORDERED** to pay the filing fee or each file a renewed application to proceed IFP using the long form attached hereto. Also, to the extent that the instant Complaint at ECF No. 10 is not Plaintiffs' intended Second Amended Complaint, Plaintiffs are **ORDERED** to file any Second Amended Complaint on or before **March 22, 2022.** Otherwise, the Court will construe the instant filing "Plaintiffs' Complaint With Leave to Amend Original Petition and Incorporate Original Petition for Both Plaintiffs" as Plaintiffs' Second Amended Complaint. Failure to pay the filing fee or file renewed applications to proceed IFP by March 22, 2022 will result in this case being closed without further order from the Court.

**IT IS SO ORDERED.**

Dated: February 24, 2022

Honorable Linda Lopez
United States District Judge