UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANIJEH ESTEGHLALIAN, et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF THE NAVY; EDCO WASTE AND RECYCLING SERVICES,<br><br>　　　　　　　　　　　Defendants. | Case No.: 19cv1808-LL-MSB<br><br>**ORDER:**<br><br>(1) **DISMISSING PLAINTIFFS' SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND** [ECF No. 10];<br><br>(2) **DENYING PLAINTIFFS' MOTIONS TO PROCEED IN FORMA PAUPERIS AS MOOT** [ECF Nos. 14, 15] |

Presently before the Court is the Second Amended Complaint ("SAC," ECF No. 10), filed by Plaintiffs Manijeh Esteghlalian and Al Giovanni. For the reasons discussed below, upon the Court's screening of the Second Amended Complaint pursuant to 28 U.S.C. § 1915(a), the Court **DISMISSES** the Second Amended Complaint **WITHOUT LEAVE TO AMEND.** Because the Court dismisses Plaintiffs' operative complaint without leave to amend, the Court also **DENIES AS MOOT** Plaintiffs' IFP Motions. ECF Nos. 14, 15.

/ / /

/ / /

I.  **Procedural History**

Plaintiff Esteghlalian filed a Complaint on September 19, 2019 (ECF No. 1) and a Motion to Proceed IFP on November 12, 2019 (ECF No. 2). On June 16, 2020, the Court dismissed with leave to amend Plaintiff Esteghlalian's Complaint. ECF No. 5. The Court also denied as moot Plaintiff Esteghlalian's IFP Motion because it dismissed his Complaint. *Id.* at 7. On July 21, 2020, Plaintiff Esteghlalian filed an Amended Complaint ("First Amended Complaint" or "FAC") which sought to add a new Plaintiff, Al Giovanni. ECF No. 7. On August 26, 2021, the Court dismissed Plaintiffs' FAC with leave to amend. ECF No. 8. The Court's order dismissing the FAC directed Plaintiff that the Second Amended Complaint ("SAC") "should include the factual allegations pertaining to the new plaintiff, Giovanni." ECF No. 8 at 4-5. The Court further directed that "Plaintiff Giovanni should also either pay the filing fee or file an application for IFP status" and that "Plaintiff Esteghlalian may also file a renewed IFP motion with the Second Amended Complaint." *Id.* The Court specifically noted that "this new plaintiff must either pay the $402.00 filing fee or file his own application to proceed IFP." *Id.* at 2 (citing *Anderson v. California*, No. 10cv2216 MMA AJB, 2010 WL 4316996 at *1 (S.D. Cal. Oct. 27, 2010) ("Although one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status."). The Court stated that it "will also need to screen the new plaintiff's claims under 28 U.S.C. § 1915A if he files for IFP status." ECF No. 8 at 2. The Court set a deadline of September 30, 2021 for Plaintiffs to file the SAC and Motion to Proceed IFP. *Id.* at 5. Finally, the Court warned that "[f]ailure to do so will result in a dismissal of Plaintiffs' action." *Id.*

After the expiration of the Court-ordered deadline to file the SAC and Motion to Proceed IFP, Plaintiffs Esteghlalian and Giovanni filed one document on October 15, 2021, *nunc pro tunc*, entitled: "Plaintiffs' Complaint With Leave to Amend Original Petition and Incorporate Original Petition for Both Plaintiffs[;] Plaintiffs' Motion to Reconsider Proceed In Forma Pauperis For Both Defendants Because They Lost Their Saving and Asset Due to This Claim and Illness." ECF No. 10. On February 24, 2022, the Court issued

an Order Denying Without Prejudice Plaintiffs' Motion to Proceed in Forma Pauperis because in this district, pro se litigants seeking IFP status are required to use the long form application (AO 239). ECF No. 13. The Court set a deadline of March 22, 2022 for Plaintiffs to pay the filing fee or file a renewed application to proceed IFP using the long form provided by the Court. *Id*. at 3. The Court also stated that the Court will screen the Second Amended Complaint upon Plaintiff's renewed application. *Id.* (citing 28 U.S.C. §§ 1915(e)(2), 1915(a); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (holding that district courts must screen all IFP plaintiffs' complaints, not just prisoners')).

On March 21, 2022, Plaintiffs filed their renewed applications for IFP which are now before the Court. ECF No. 14, 15. Also before the Court is Plaintiffs' Second Amended Complaint. ECF No. 10.

## II.   Mandatory Screening of Complaint

The Court will first screen Plaintiffs' SAC pursuant to 28 U.S.C. § 1915(a). As discussed in the Court's prior Orders, the Court must screen every civil action proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as Federal Rule of Civil Procedure 12(b)(6)." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Detailed factual allegations are not required, but merely providing "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). As for the

plausibility standard under Rule 12(b)(6), a complaint will fall short of it if the complaint provides only the "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678–79. Ultimately, determining whether a complaint states a plausible claim for relief is a "context-specific task." *Id.* at 679. Therefore, a court must "draw on its judicial experience and common sense" to make its determination. *Id.*

**III.  Discussion**

The Court has reviewed the allegations of the Second Amended Complaint and the attached exhibits. The allegations of the Second Amended Complaint are largely unchanged from the allegations of the First Amended Complaint. Plaintiffs continue to contend that the United States, acting through the Navy, is liable for damages under the Federal Tort Claims Act ("FTCA") because the Navy negligently dumped hazardous waste materials on their business property, including mercury, used tires, and broken televisions. SAC ¶ 4. The Second Amended Complaint differs from the First Amended Complaint by requesting that "Al Giovanni incorporate[s] all of the claims that Plaintiff Manijeh Esteghlalian raised in her Petition…." *Id.* ¶ 1. The SAC also adds that the "Navy purposely dumped the hazardous materials on 12/8/2021" at Plaintiffs' "business located at 30158 Mission Rd. Bonsell, CA 92003." *Id.* ¶ 4.

As discussed below, the Court finds that the amendments to the SAC do not remedy the deficiencies outlined in the Court's prior Orders.

**A. Plaintiffs' FTCA Claim Against the United States**

Plaintiffs name the United States of America as a defendant based on the alleged negligence of the Department of the Navy. The United States is generally immune from suit, and can only be sued to the extent that it has waived its sovereign immunity. *United States v. Orleans*, 425 U.S. 807, 814 (1976). The FTCA, 28 U.S.C § 1346(b)(1), provides such a waiver "for tort claims arising out of the negligent conduct of government employees and agencies in circumstances where the United States, if a private person, would be liable to the claimant" under state law. *Green v. United States*, 630 F.3d 1245,

1249 (9th Cir. 2011). As a prerequisite to jurisdiction, the FTCA requires that the plaintiff first present the claim to the appropriate federal agency, and that the claim be "finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). If the agency fails to make a final disposition of a claim within six months, the claim is deemed denied. *Id.* A plaintiff has six months from the final denial of a claim to file an action under the FTCA in federal district court. 28 U.S.C. § 2401(b). A plaintiff may not bring a claim under the FTCA claim until she has exhausted all administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993). This exhaustion requirement is interpreted strictly. *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). Plaintiffs bear the initial burden of establishing subject matter jurisdiction under the FTCA. *Young v. United States*, 769 F.3d 1047, 1052 (9th Cir. 2014).

Here, Plaintiffs attach as an Exhibit to their SAC a letter indicating that Plaintiff Esteghlalian exhausted her administrative remedies as required. ECF No. 10 at 4. However, there is no indication that Plaintiff Giovanni has administratively exhausted his claims given that his name is not on the letter. Although Plaintiffs allege in the SAC that they are business partners, this single allegation is insufficient to carry Plaintiff Giovanni's burden to show that this Court possesses subject matter jurisdiction over the Complaint with respect to his claims. Accordingly, it does not appear that Plaintiff Giovanni has exhausted his administrative remedies as required. In addition, the Court finds that other deficiencies in the pleadings warrant dismissal of the SAC.

In order to determine whether Plaintiffs have adequately pled a claim under the FTCA, courts look to state law to define the actionable wrong for which the United States is liable under the FTCA. *See Poindexter v. United States*, 647 F.2d 34, 36 (9th Cir. 1981). Here, liberally construed, Plaintiffs allege they suffered personal injury and property damage within California. SAC at ¶ 4. Thus, the state law at issue is negligence under California tort law. *See Toomer v. United States*, 65 F.3d 1233, 1235 (9th Cir. 2010) (applying California tort law in wrongful death suit under the FTCA); *Mendia v. Garcia*, 165 F. Supp. 3d 861, 877-78 (N.D. Cal. 2016) (analyzing negligence under California law

in FTCA suit against the United States). In California, negligence is "the failure to exercise the care that a reasonable person would under the circumstances." *Massey v. Mercy Med. Ctr. Redding*, 103 Cal. Rptr. 3d 209, 213 (Cal. App. Ct. 2009). To state a claim of negligence, Plaintiff must allege: (1) the existence of a legal duty of care, (2) breach of that duty, (3) proximate cause, and (4) injury. *Castellon v. U.S. Bancorp*, 163 Cal. Rptr. 3d 637, 640 (Cal. App. Ct. 2013).

Here, Plaintiffs allege that "the United States through his agent the Navy dumped the hazardous material in Plaintiffs' property so both Plaintiffs could lose business and injured Plaintiffs and family members because the[] trash were very dangerous that Plaintiffs and family members suffered and had to clean the hazardous materials in their property that Defendants' negligence caused injuries and loss of business." SAC ¶ 4. Plaintiffs' allegations in the SAC are almost identical to those plead in the FAC, except that the SAC includes a date and a location that the alleged conduct occurred. Even liberally construing Plaintiffs' SAC, these additions are insufficient to survive dismissal. As this Court has already warned in its previous orders, Plaintiffs have failed to plead any facts alleging the United States' duty of care to Plaintiffs, a breach of that duty, or proximate cause resulting in her claimed injuries. Plaintiff merely makes legal conclusions alleging the United States is responsible for her property damage and medical issues without providing any specific facts to support these claims. *See Gardner v. American Home Mortg., Servicing, Inc.*, 691 F. Supp. 2d 1192, 1198 (E.D. Cal. 2010) ("neither conclusory statements nor legal conclusions are entitled to a presumption of truth.").

The SAC represents Plaintiffs' second attempt to state their claims since the Court's prior Orders and their third attempt overall. The SAC fails to correct the deficiencies with respect to Plaintiffs' FTCA claim against the United States as outlined in the Court's prior Orders. The Court finds that allowing further amendment would be futile. Accordingly, Plaintiffs' FTCA claim against the United States is hereby **DISMISSED WITHOUT LEAVE TO AMEND**.

/ / /

### B. Lack of Facts Relating to Defendant EDCO

The Court previously dismissed Plaintiffs' claim against EDCO on two occasions. ECF Nos. 5, 8. The Court found that the original Complaint did "not mention any facts relating to EDCO, and only conclud[ed] that EDCO caused [Esteghlalian's] injury." ECF No. 5 at 6. The Court found that the FAC "again failed to allege any facts against EDCO." ECF No. 8 at 3. Notwithstanding this, the Court afforded Plaintiffs "one final attempt to state a claim against EDCO." *Id.* at 4. The Court explained that the Plaintiffs "need to plead facts, and not merely legal conclusions, relating to Defendant EDCO to show how this Defendant would be liable to Plaintiffs." *Id.* at 5. Otherwise, the Court warned that "[f]ailure to do so will result in a dismissal of Plaintiffs' action." *Id.*

The facts alleged against EDCO in the SAC, when compared with the facts alleged in the FAC, are nearly identical. The only additions are that the SAC includes the date and location of the alleged incident and states that Plaintiffs' alleged injuries include "serious bodily injuries and economic injuries [totaling] at least more than [a] million dollars [in] damages." SAC ¶ 4. The SAC provides no new factual content with respect to EDCO "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. As the Court has already warned, "[t]hreadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Id*. Accordingly, Plaintiffs' claim against EDCO is hereby **DISMISSED WITHOUT LEAVE TO AMEND**.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**IV.     Conclusion**

For the reasons discussed herein, the Court **DISMISSES** Plaintiffs' Second Amended Complaint **WITHOUT LEAVE TO AMEND**. Because the Court dismisses Plaintiffs' SAC without leave to amend, the Court also **DENIES AS MOOT** Plaintiffs' IFP Motions. ECF Nos. 14, 15. The Clerk of Court shall close this file.

**IT IS SO ORDERED.**

Dated:  May 17, 2022

Honorable Linda Lopez
United States District Judge